UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
:
STRIKE 3 HOLDINGS, LLC,                                       :
                                                              :    **ORDER AND OPINION**
                                 Plaintiff,                   :    **GRANTING MOTION FOR**
                                                              :    **LEAVE TO SERVE THIRD-**
         -against-                                            :    **PARTY SUBPOENA PRIOR TO**
                                                              :    **RULE 26(F) CONFERENCE**
JOHN DOE subscriber assigned IP address                       :
74.101.199.37,                                                :    23 Civ. 4359 (AKH)
                                                              :
                                 Defendant.                   :
                                                              :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Strike 3 Holdings, LLC ("Strike 3") seeks to identify the John Doe defendant in its copyright infringement lawsuit through a third-party subpoena. Specifically, Plaintiff seeks to serve Verizon Fios, an Internet Service Provider ("ISP"), to establish the identity behind the defendant's IP address. For the reasons below, Plaintiff's motion under 26(d)(1) Fed. R. Civ. P. for leave to serve a third-party subpoena prior to a Rule 26(f) conference is granted.

## FACTS

        Strike 3 operates three adult film websites that stream copyrighted film content. Strike 3's three main revenue sources are paid subscribers access who access this content on Strike 3's websites, DVD sales, and licensing. Decl. Williamson at ¶ 37. Strike 3 uncovered that Defendant's IP address was illegally distributing Strike 3's copyrighted content through an internet protocol called BitTorrent. Decl. Paige at ¶ 22.

        Strike 3 alleges it has suffered serious economic harm because its copyrighted works have been made available without its permission for free downloading on file sharing

1

platforms. It seeks leave to serve limited discovery on Verizon Fios to identify and investigate Defendant's role in the infringement and effectuate service.

## LEGAL STANDARD

As a general matter, parties must confer under 26(f) Fed. R. Civ. P. before seeking discovery from any source. However, the Federal Rules permit pre-conference expedited discovery pursuant to court order. Fed. R. Civ. P. 26(d)(1). Where the plaintiff cannot serve its complaint nor confer with the defendant until it obtains identifying information from a third party, a subpoena under Rule 26(d)(1) is the only means to advance the case. *See Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171–72 (S.D.N.Y. 2012).

The Second Circuit has identified the "principal factors" for district courts to consider in making expedited discovery determinations in copyright infringement suits. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 115, 119 (2d Cir. 2010) (*quoting Sony Music Entertainment Inc. v. Does 1*-40, 326 F. Supp. 2d 556 (S.D.N.Y. 2004). This analysis is ubiquitous in BitTorrent-related copyright actions. *See UN4 Prods., Inc. v. Doe*, No. CV 17-3278 PKC (SMG), 2017 WL 2589328, at *1 (E.D.N.Y. June 14, 2017) (collecting cases). These factors include 1) the plaintiff's ability to make out a *prima facie* infringement claim, 2) the discovery request's specificity, 3) the lack of alternative means to obtain the information requested, 4) the need for the information to advance the claim, and 5) the defendant's privacy expectations. All five factors weigh in favor of granting Plaintiff's subpoena request.

## DISCUSSION

First, Plaintiff has a strong *prima facie* copyright infringement claim. A *prima facie* claim for copyright infringement requires a showing of 1) ownership of a valid copyright and 2) copying of the work's constituent elements. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Strike 3's complaint describes its original, copyrighted works and

provides specific details regarding Defendant's alleged copying, including the date and time of the alleged infringement. *See* Compl. at ¶¶ 36–38; Decl. Paige at ¶ 18.

Second, Plaintiff's discovery request is limited and specific to the information necessary to identify and effectuate service. Strike 3 only seeks the name and address of the subscriber associated with the defendant's IP address, which courts within this district have consistently considered sufficiently specific to find this factor in favor of the requesting party. *See, e.g., Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 521 (S.D.N.Y. 2019).

Third, subpoenaing Verizon Fios is likely to be the only what the Plaintiff may seek out the Defendant's identity. *Next Phase Distribution, Inc.*, 284 F.R.D. at 171–72. BitTorrent's anonymity is by design and can only be overcome by matching up the alleged infringement information to the ISP's subscriber logs. *See Strike 3 Holdings*, 329 F.R.D. at 521–22.

Fourth, this information is critical to the progression of the lawsuit. Otherwise, Plaintiff will be unable to identify and serve Defendant. *Sony Music*, 326 F. Supp. 2d at 566. This information could also be lost to routine deletion by the ISP without expedited discovery. *Digital Sin, Inc v. Does 1- 27*, 12-cv-3873, 2012 WL 2036035 (S.D.N.Y. June 6, 2012).

Finally, Plaintiff's interest in learning Defendant's name and address outweighs Defendant's privacy interest. The Second Circuit has held subscribers have no "legitimate privacy interest" in their IP address. *United States v. Ulbricht*, 858 F.3d 71, 84, 97 (2d Cir. 2017). Nor do they have a privacy interest in the unauthorized sharing of copyrighted material. *Sony Music*, 326 F. Supp. 2d 566–657.

## CONCLUSION

For the above reasons, Plaintiff's motion is granted. A separate order will be issued accompanying this opinion.

SO ORDERED.

Dated:  August 22, 2023
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge